STATE of Wisconsin, Plaintiff-Respondent,

v.

·Keith S. BETTS, Defendant-Appellant.

Supreme Court

*No. 84–745–CR. Filed March 31, 1986.*
(Also reported in 383 N.W.2d 876.)

PER CURIAM. On December 5, 1984, this court granted a petition for review filed on behalf of the defendant-appellant which raised the issue of whether

this court should adopt a procedure requiring that trial courts, upon accepting a negotiated plea of guilty, must inform the defendant before sentencing whether the court intends to reject the agreed upon sentence recommendation, and if so, to then give the defendant an opportunity to withdraw his or her plea. Thereafter, the respondent filed a motion to dismiss this petition as having been improvidently granted because the issue raised in this case was also presented in a petition for a rule change filed by the Judicial Council pursuant to sec. 751.12, Stats. The motion to dismiss as improvidently granted was held in abeyance pending disposition of the Judicial Council's petition for a rule change. By order and opinion filed March 21, 1986, this court has denied the Judicial Council's petition for a rule change. Because we have declined to adopt the proposed rule change pursuant to our rule-making procedures set forth in sec. 751.12, Stats., we would also decline to act pursuant to our superintending authority over all courts, *see* Wis. Const. art. VII, sec. 3, and adopt for this case and all future cases, the guilty plea procedure the defendant advocates. Accordingly, we unanimously conclude that the petition for review previously granted in this case, should be and hereby is dismissed as improvidently granted. *See, Wisconsin Supreme Court Internal Operating Procedures,* II B(1), p. 5.

Dismissal of this petition for review as improvidently granted requires that this court dismiss, as moot, the defendant-petitioner's motion to restore the briefing schedule in this case.